UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASHANTI BELL,

          Plaintiff,

                            Case No. 26-cv-176-pp

    v.

JOE POSEY,

          Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 6) AND DISMISSING CASE

On February 2, 2026, the plaintiff—who is representing herself—filed a complaint alleging that the defendant had discriminated against her and terminated her employment in violation of Title VII of the Civil Rights Act of 1964. Dkt. No. 1. Magistrate Judge Nancy Joseph screened the complaint and determined that it did not state a claim for relief. Dkt. No. 4. Judge Joseph found that the complaint lacked facts describing the nature of the alleged discrimination and failed to identify the protected characteristic the plaintiff believed was the basis of the alleged discrimination. Id. at 3. Judge Joseph also observed that it appeared the plaintiff had named an individual as the defendant, rather than her employer, which is improper in Title VII cases. Id. (citing Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995)). Judge Joseph ordered that if the plaintiff wished to proceed with the case, she must file an amended complaint by March 13, 2026 and that if the plaintiff did not file an

1

amended complaint by that deadline, Judge Joseph would recommend to this Article III court that it dismiss the case. Id. at 4.

The court did not receive anything from the plaintiff by March 13, 2026. On March 24, 2026, Judge Joseph issued a report recommending that this Article III court dismiss the complaint for failure to state a claim. Dkt. No. 6. In that order, Judge Joseph advised the plaintiff that she could file a written objection to the recommendation within fourteen days. Id. at 2. The fourteen-day deadline passed on April 7, 202 and the court has not received an objection from the plaintiff.

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999).

As the court has explained, it has not received any objection from the plaintiff. The court has reviewed Judge Joseph's report and finds that neither the report nor the recommendation is clearly erroneous. The complaint alleges only that the plaintiff "was subjected to unlawful discrimination based on a protected characteristic under federal law" and suffered "adverse employment

2

actions, including unequal treatment and termination and/or discipline, after engaging in protected activity and/or because of Plaintiff's protected status." It does not identify the protected characteristic, does not describe the alleged discrimination and does not identify the dates or places where the alleged discrimination occurred. It was not clearly erroneous for Judge Joseph to find that the complaint merely restates the elements of a discrimination claim and fails to state a claim for relief. Nor was it clear error for Judge Joseph to conclude that an individual supervisor is not a proper defendant for a Title VII discrimination claim. See Williams, 72 F.3d at 555 (holding that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer"). Finally, Judge Joseph gave the plaintiff an opportunity to amend her complaint to try to state a claim; the plaintiff has not done so. Judge Joseph did not err—clearly or otherwise—in recommending that this Article III court dismiss the complaint for failure to state a claim.

The court **ADOPTS** Magistrate Judge Joseph's report and recommendation. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of April, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**

3